IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONG RAN,

    Plaintiff,

v.                                             CASE NO. 1:07-cv-249-MMP-AK

INFINITE ENERGY INC., BILL ROSS,
MARTIN MERTZ, AND DARIN COOK,
LEGAL REPRESENTATIVE AND
PRESIDENT,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This *pro se* employment case is before the Court on Defendants' amended motion to dismiss Plaintiff's second amended complaint. Doc. 43. Plaintiff has filed a response, Doc. 49, and thus, this cause is in a posture for decision. Having carefully considered the matter, the Court recommends that the amended motion to dismiss be granted in part and denied in part. Each of Defendants' grounds for dismissal will be considered in turn.

1.     Failure to submit right to sue letter.

While Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations (FCHR) against Defendants, Doc. 7, she did not submit a right to sue letter with any of her complaints or other documents. Indeed, she indicated in her second amended complaint that "EEOC and FCHR are working now" on her charge of discrimination. *Id.* However, she later

submitted a no cause determination from the FCHR dated April 4, 2008, which preceded court-ordered service on Defendants.  Doc. 10.  Though the complaint was premature at the time of filing, because Plaintiff is proceeding *pro se*, she is granted some amount of latitude not afforded an attorney, and dismissing the case on the basis suggested would not further the goals of Fed. R. Civ. P. 1 under the circumstances.  As the administrative process concluded, the motion to dismiss on this ground is without merit and should be denied.

2.     Failure to plead sufficient facts under ADEA.

Plaintiff's charge of discrimination raised only race and national origin discrimination, and there is nothing in the charge itself which would have reasonably led the investigator or Defendants to believe that Plaintiff was charging age discrimination in connection with her discharge.  *See Gregory v. Georgia Department of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) (federal complaint for job discrimination is limited by scope of EEOC investigation which can reasonably be expected to grow out of charge of discrimination; however, failure to mark retaliation space on EEOC template form did not bar consideration of claim).  Because she failed to raise her alleged age claim with the FCHR, any such claim is unexhausted and therefore, not properly before the Court for consideration.  Furthermore, Plaintiff has failed to allege facts sufficient to make out a prima facie case of age discrimination.  *See Hudson v. Shaw Environmental & Infrastructure, Inc*., 267 Fed. Appx. 892 (11th Cir. 2008) (setting forth elements of prima facie case under ADEA).  Besides checking the age box and mentioning that one of the new hires was "young," she has not made any other allegation in her second amended complaint which approaches what is minimally necessary to set forth a claim of age discrimination.

The motion to dismiss should therefore be granted as to any claim under the ADEA.

3.   Allegations against individual employees.

"[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). Therefore, the Title VII claims against the individual employees and supervisors–Bill Ross, Martin Mertz, and Darin Cook–should be dismissed, with the only remaining Title VII defendant being Infinite Energy, the employer.

4.   State law claims.

Plaintiff has made allegations that she was "tortured" and falsely imprisoned when she was terminated. Defendants suggest that the Court does not have supplemental jurisdiction over these claims under 28 U.S.C. § 1367 because they "are in no manner related to any of Plaintiff's discrimination claims...." Doc. 43. This is a patently meritless argument and does not warrant further discussion, and the motion to dismiss should be denied as it relates to the state law claims.

5.   Voice recording claim.

Plaintiff claims that Infinite Energy has illegally continued to use her voice on its recording without her authorization and without compensation. Infinite Energy claims that it has "found no federal or state law claim for exploitation of one's voice when authorization/consent was given when the recording occurred." It has not, however, presented a copy of the consent form, which, of course, it could not do on a motion to dismiss without the effect of Fed. R. Civ. P. 12(d), and thus, it is clear that this claim is not ripe for dismissal, as the Court can envision a

set of facts under which Plaintiff could prevail on this claim, depending on the language of the authorization/consent. The motion to dismiss should therefore be denied on this ground for relief.

Accordingly, it is respectfully **RECOMMENDED:**

That the amended motion to dismiss, Doc. 43, be **GRANTED IN PART AND DENIED IN PART**;

That any ADEA claim be **DISMISSED WITH PREJUDICE**;

That the Title VII claims against the individual employees–Ross, Mertz, and Cook–be **DISMISSED WITH PREJUDICE**;

That this case be **REMANDED** to the undersigned for further proceedings.

**DONE AND ORDERED** this *15th* day of January, 2009.


*s/ A. KORNBLUM*
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**