IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONG RAN,

    Plaintiff,

v.                                                      CASE NO. 1:07-cv-249-MMP-AK

INFINITE ENERGY, INC., et al.,

    Defendants.

_____/

# **ORDER**

This matter is before the Court on Doc. 118, Defendants' motion to compel further responses to interrogatories, and Doc. 127, Defendants' motion to compel production of documents. Plaintiff has filed responses, Docs. 123 and 128, and accordingly the motions are ripe for review.

Pursuant to the federal rules, a party is entitled to "obtain discovery regarding any nonprivileged matter that is relevant" to a claim or defense, "including the existence . . . nature . . . and location of documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Notwithstanding the broad reach of Rule 26, "[t]he scope of discovery in Title VII cases is not without limits." Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992). "The information sought must be relevant and not overly burdensome to the responding party." Id. "Discovery should be tailored to the issues involved in the particular case." Id.

## Doc. 118, Motion to Compel Responses to Interrogatories

Defendants seek further responses to 15 interrogatories, with subparts, propounded to Plaintiff. Defendants' grounds for seeking further responses as to each interrogatory will be addressed in turn.

Interrogatory 1.a.(Plaintiff's "full legal name and any aliases"): Plaintiff responded that "Rong Ran" is her only name, and stated that she asked Defendants' counsel for a "certified translation" of the word "alias." Defendants contend that Plaintiff has used various names in corresponding with Defendants, and that Plaintiff failed to provide her "full legal name."

Plaintiff's full legal name and any other names which she has used are not subject to any privilege, and are plainly discoverable. Based upon Plaintiff's communications with the Court, the Court is satisfied that Plaintiff understands that "alias" refers to any name under which she has been known. The motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 1.b. (Plaintiff's place and date of birth): Plaintiff responded that she was born in "China" and refused to provide her year of birth because that question was "too sensitive." Defendants seek disclosure of her city and province of birth, and her complete birthdate, matters which are plainly discoverable. The motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 1.c.ii. (Address of property owned or in which Plaintiff has an interest): Plaintiff responded "none." Defendants assert that Plaintiff "has stated on several occasions she has another apartment for her son; however, she has not listed any additional property here." The motion to compel a further response to this interrogatory is **GRANTED** to the extent that Plaintiff shall inform Defendants as to whether she has an interest in her son's apartment, and if so the address of same.

Interrogatory 1.d. (Plaintiff's current residential and cellular phone numbers): Plaintiff responded with one phone number. Defendants assert that "Plaintiff is constantly leaving a variety of telephone numbers for Defendants to call her back at, yet the numbers do not always work." The motion to compel a further response to this interrogatory is **GRANTED** to the extent that Plaintiff shall inform Defendants as to whether she has any other phone numbers where she may be reached, and shall provide such numbers.

Interrogatory 1.e. (Civil and/or criminal proceedings to which Plaintiff has been a party): Plaintiff responded that this question is "self-incriminating. I need to have an attorney with me." Plaintiff's participation as a party in other court cases is not privileged, and she does not require an attorney to respond to the interrogatory. The motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 1.f. (Schools that Plaintiff has attended and degrees received): Plaintiff declined to provide any information about her education in China, and stated that the only school she has attended in the United States is Santa Fe College. Plaintiff's complete educational background is within the scope of discovery, and accordingly the motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 2.a.-f. (Detailed information regarding members of Plaintiff's household and her dependants): Plaintiff objected that this question violated "the privacy of non-parties." Defendants assert that Plaintiff has "placed her family's well-being at issue in this lawsuit," and therefore the information sought by Defendants should be discoverable. The Court construes Plaintiff's second amended complaint (Doc. 7) as seeking compensatory damages for lost pay as well as mental and emotional distress. To that end, disclosure of the names, addresses, and

contact information for members of Plaintiff's household and her dependants could lead to the discovery of admissible evidence. Accordingly, the motion to compel a further response to this interrogatory is **GRANTED** only to that extent.

In other respects, the Court finds that this interrogatory is overly broad and not tailored to the issues of this case. For instance, Defendants also seek to discover information concerning "any property" owned by such other persons, all cities and states where such persons have ever resided, all civil proceedings to which such persons have been party, and all judgments, liens, and/or garnishments filed against such persons. Defendants have not shown that such information could reasonably lead to the discovery of admissible evidence that is relevant to the issues in this case. Accordingly, in all other respects the motion to compel a further response to this interrogatory is **DENIED**.

Interrogatory 3.a.-d. (Identity of persons assisting Plaintiff with this case or having knowledge of the facts and of Plaintiff's claims): Plaintiff responded "None. I have been pursuing the justice all by myself." Defendants assert that "Plaintiff, on numerous occasions, has had 'legal people' join her at status meetings with Defendants' counsel, yet refuses to disclose who these people are." Rule 26(b) encompasses "the identity and location of persons who know of any discoverable matter." The motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 4.a.-b. (full names and contact information of Plaintiff's witnesses, and the substance of the witnesses' expected testimony): Plaintiff's response identified "Dr. Sarah in Meridian, Supreet in Infinite Energy," and "Darin Cook, William Neale, Dennis Frisco." Defendants argue that Plaintiff failed to provide the full name and contact information of "Dr. Sarah," and that Plaintiff did not provide the substance of any testimony expected from Supreet, William Neale, or Dennis Frisco. The Court finds that such information is within the scope of discovery, and accordingly the motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 5.a.-h. (Plaintiff's employment and volunteer work history including disputes and disciplinary actions): Plaintiff responded that "[b]ased on the privilege of counselor and client I cannot answer the questions. From late August 2008, I did some volunteer work at Independent Living. Later I was paid for 8 hours per week at minimum wage." Defendants contend that the interrogatory does not require Plaintiff to disclose any privileged information, and that she did not provide all requested information for the work that she did identify. The Court finds that the information solicited in this interrogatory is within the scope of discovery and accordingly the motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 6.a.-b. (Sources of income received by Plaintiff since entering the United States): Plaintiff responded that "I worked to support my living." The Court finds that Plaintiff's answer is neither responsive to the interrogatory nor amounts to an appropriate objection. The motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 7.a.-d.(Plaintiff's debts and financial obligations, including "*for example only*: mortgages, car notes, promissory notes, leases, or other oral or written contracts you may have"): Plaintiff responded "did have debt, but not in your definition." Defendants contend that Plaintiff used the "for example only" provision to avoid answering. The Court finds that Plaintiff's answer is neither responsive to the interrogatory nor amounts to an appropriate objection. The motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 8.a.-c. (Motor vehicles or mobile homes in which Plaintiff, or a member of her household, had an ownership interest): Plaintiff responded "none." Defendants contend that this response is insufficient because "Plaintiff and her family arrive at each meeting with Defendants' counsel in a vehicle; yet, Plaintiff has failed to disclose any such vehicle." The motion to compel a further response to this interrogatory is **GRANTED** to the extent that Plaintiff shall inform Defendants as to whether Plaintiff has an ownership interest in any vehicle used by Plaintiff (whether as a driver or a passenger) and, if so, Plaintiff shall provide the information requested in Interrogatory 8.a.-c.

Interrogatory 9.a.-b. (Plaintiff's marriages): Plaintiff refused to provide any information concerning the existence of previous or current spouses, stating "[t]hat is my privacy. . . . Decline to answer." Defendants argue that such information is not privileged and is likely to lead to the discovery of admissible evidence. The Court agrees, and accordingly the motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 10.a.-b. (Description of physical and mental harm that Plaintiff is claiming): Plaintiff responded "fully capable of doing my case. Of course stress is high, and there are a lot of frustration." Defendants contend that this answer is insufficient because

Plaintiff has put her health at issue in this case. The Court finds that Plaintiff's answer is neither responsive to the interrogatory nor amounts to an appropriate objection. The motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 11 (Identity of medical professionals who have treated Plaintiff since August 29, 2005): Plaintiff responded "Lovetta Smith at Independent Living. Laura, Sarah, and Gaines are all doctors in Meridian consulting and counseling me." Defendants contend that Plaintiff failed to respond completely by providing the full name, address, and phone number of the medical professionals, as requested in the interrogatory. The Court finds that such information is within the scope of discovery, and accordingly the motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 12 (Identity and contact information for Plaintiff's counselors): Plaintiff responded that "I do not have any record of them. I'll do a little research, leave this for another time to finish." Defendants assert that the requested information goes to the heart of Plaintiff's claims. The Court finds that Plaintiff's response is plainly insufficient, and accordingly the motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 13 (Description of any job training received by Plaintiff): Plaintiff responded by referring to unspecified training she received at hiring orientation with Infinite Energy, and then stated "leaving this for further furnishing. Cannot remember everything at top of my head or accurately like dates, months, or years. Actually if Ms. Clements provides records from Infinite Energy, that would be more confident and convenient." Defendants contend that this answer is unresponsive and incomplete. The Court finds that Plaintiff's answer is neither responsive to the interrogatory nor amounts to an appropriate objection. The motion to compel a

Case No: 1:07-cv-00249-MMP-AK

further response to this interrogatory is **GRANTED**.

Interrogatory 14 (All unemployment insurance compensation claims filed by Plaintiff): Plaintiff responded that "I do not think Infinite Energy Counsel Ms. Clement can ask this question. I have to have lawyer advice before answering any of the question." Defendants argue that the information sought is not privileged and is within the scope of discovery. The Court agrees, and accordingly the motion to compel a further response to this interrogatory is **GRANTED**.

Interrogatory 15 (Previous and current Infinite Energy employees with whom Plaintiff has contact): Plaintiff responded that "[t]his is provoking the privacy of other employees, and makes their job with Infinite Energy at risk. I do not want them to be thrown out, and lose their jobs." Defendants contend that Plaintiff's objection is invalid. The Court finds that the information solicited in this interrogatory is within the scope of discovery and accordingly the motion to compel a further response to this interrogatory is **GRANTED**.

As a final matter, Plaintiff's response to this motion, Doc. 123, argues that Defendants have failed to respond to Plaintiff's discovery requests and that it is unfair to require Plaintiff to respond when Defendants have not done so. Pursuant to Local Rule 26.2(C)(1), "Objections and grounds for objections shall be addressed to the specific interrogatory, request for admission, or request for production, and may not be made generally." Thus, to the extent that Plaintiff's response to Defendants' motion to compel further responses to interrogatories may be construed as her objections to such request, her objections do not comply with the local rule.

Further, to the extent that Plaintiff's response attempts to assert a motion to compel Defendants to respond to her own discovery requests, the pleading does not comply with Local

*Case No: 1:07-cv-00249-MMP-AK*

Rule 26.2(B) which states that "[m]otions to compel discovery . . . shall (1) quote verbatim each interrogatory, request for admission, or request for production to which objection is taken, (2) quote in full the opponent's specific objection, and (3) state the reasons such objection should be overruled and the motion granted." In addition, pursuant to Fed. R. Civ. P. 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Because Plaintiff's pleading does not comport with these rules, the Court declines to construe the pleading as a motion to compel.

## Doc. 127 Motion to Compel Production of Documents

Defendants contend that they served a request for production of documents on Plaintiff on August 28, 2009, by certified mail and email, and that postal records reflect that Plaintiff picked the request up on September 19, 2009. Defendants contend that Plaintiff did not respond. Counsel for Defendants has certified that she attempted in good faith to confer with Plaintiff prior to filing the motion to compel, but that Plaintiff did not respond to such effort. In her response to the motion, Doc. 128, Plaintiff argues that Defendants failed to respond to her discovery requests. Plaintiff asserts that Defendants "should not and can't abuse law [and] force the plaintiff to do what they themselves would not do." Plaintiff also disputes Defendants' assertion that she did not respond to Defendants' attempt to confer with her. Plaintiff attached to her response a copy of Defendants' objections to Plaintiff's fifth request for production of documents.

As explained above, to the extent that Plaintiff's response to Defendants' motion to compel production of documents may be construed as her objections to such request, her

objections do not comply with Local Rule 26.2(C)(1). To the extent that Plaintiff's response attempts to assert a motion to compel Defendants to respond to her own discovery requests, as noted above the pleading does not comply with Local Rule 26.2(B) and Fed. R. Civ. P. 37(a)(1). Having carefully considered the matter, the Court finds that Defendants' motion to compel production of documents, Doc. 127, is well taken and the motion is **GRANTED.**

Accordingly, it is **ORDERED**:

That the motion to compel further responses to interrogatories (Doc. 118) is **GRANTED IN PART AND DENIED IN PART** as set forth in the body of this Order.

That the motion to compel production of documents (Doc. 127) is **GRANTED**.

That Plaintiff Rong Ran shall serve Defendants with amended responses to Defendants' interrogatories and with the documents requested by Defendants, or objections to the production of such documents that comply with Local Rule 26.2(C)(1), no later than **JANUARY 15, 2010.**

**DONE AND ORDERED** this **14th** day of December, 2009.

        <u>s/ A Kornblum</u>
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**