IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RONG RAN,**

    **Plaintiff,**

**vs.**                                                               **Case No. 1:07cv249-MP/WCS**

**INFINITE ENERGY, INC., et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Pending is Defendants' fourth motion related to Plaintiff's failure to comply with discovery requests and three prior orders of the court. Doc. 200. Defendants seek dismissal of the complaint as a sanction. *Id.* Plaintiff has filed an amended response. Doc. 204. Discovery has been stayed pending resolution of this most recent problem with discovery.

A short history of the problems that have arisen in discovery in this case is needed to put this latest motion in perspective. This complaint was filed in December, 2007. Doc. 1. It took over a year for the complaint to be reviewed and Defendants' motion to dismiss to be ruled upon, a not unusual period of time for a pro se litigant.

Docs. 1-52. The initial scheduling order was entered on May 7, 2009, and the case entered into the discovery phase. Doc. 57.

On June 15, 2009, Plaintiff was warned to confer with the opposing party before filing a motion, and to stop making personal attacks upon Defendants' lawyers. Doc. 84. On August 18, 2009, Magistrate Judge Kornblum directed the Clerk to send any motion filed by Plaintiff to the magistrate judge for review, and ordered that Defendants need not reply to Plaintiff's motions until directed to do so by the court. Doc. 111.

On October 16, 2009, Defendants filed a motion to compel responses to Defendants' First Interrogatories. Doc. 118. Plaintiff's response to this motion to compel did not address the specific issues raised by Defendants' motion, but complained that she had not been treated equally. Doc. 123. On November 18, 2009, Defendants filed a motion to compel Production of Documents.[1] Doc. 127.

On December 14, 2009, the court granted Defendants' motions to compel responses to their First Interrogatories and Production of Documents, docs. 118 and 127, and ordered that additional responses to the interrogatories be served by January 15, 2010. Doc. 130. Amended responses to the requests for production of documents in compliance with Local Rule 26.2(C)(1) were also due by that date. *Id.*

On January 5, 2010, the court extended the discovery period to April 20, 2010. Doc. 135.

---

[1] On October 21, 2009, the court denied Plaintiff's own motion to compel responses to interrogatories because she had again failed to confer with Defendants before filing the motion. Doc. 122.

On January 12, 2010, the court extended the time for Plaintiff to comply with the order granting the motion to compel. Doc. 138. The time was extended to February 15, 2010, and Plaintiff was advised that no further extensions were to be granted "absent exigent circumstances." *Id.*

On March 22, 2010, Defendants had to file a second motion to compel responses to the interrogatories and requests for production, despite the fact that the court had already ordered Plaintiff to answer the interrogatories and produce the documents. Doc. 144.

On April 15, 2010, due to these continued discovery problems and the death of Magistrate Judge Kornblum, the discovery period was extended to July 19, 2010. R. 152. The case was referred to me for pretrial matters.

On May 25, 2010, I granted Defendants' renewed motion to compel responses to interrogatories and production of documents. Doc. 157. Hoping that my order would get discovery on track, I declined to recommend that sanctions be imposed upon Plaintiff for violation of Judge Kornblum's prior order. *Id.* I set another deadline, June 7, 2010, to comply (with the exception of interrogatories 14 and 15, which I found were unauthorized because they exceed the number allowed). *Id.*

Despite two orders compelling Plaintiff to produce the discovery sought, Defendants had to file a third motion for sanctions for failure to comply with the court's previous orders. Doc. 167. Plaintiff filed three responses to this motion. Docs. 186, 191, and 192. I found Plaintiff's responses to be unhelpful and scheduled a hearing on this motion. Doc. 190. Discovery was stayed until the motion could be determined. *Id.*

The hearing was held on Thursday, July 8, 2010. Docs. 196 (minute entry) and 203 (transcript of the hearing). I granted and denied the Defendants' motion for sanctions, doc. 167, as set forth in the transcript of the hearing, but also summarized some of those rulings in an order. Doc. 197. Plaintiff was placed under oath at the hearing. In response to my questions, Plaintiff eventually answered all of the interrogatories that had not been previously answered, or provided sufficient information from which I could rule that the answers were sufficient. Doc. 203 (transcript), pp. 5-50. This left only the issue of production of documents. Plaintiff was ordered to produce for inspection and copying specific documents which still had not been produced. *Id.*, pp. 50-107.

At the July 8th hearing, I made it very plain to Plaintiff that she could no longer disregard deadlines and orders of the court. I noted at the end of the hearing that discovery had been very labored and said that I thought in part that this was because Plaintiff did not understand her obligations in this suit. Doc. 203, p. 88. I said: "But today I think I've made it clear what you have to do, and you have to do it by Monday and Friday." *Id.* I pointed out that Plaintiff had twice been ordered to provide answers to the interrogatories and still did not. *Id.*, p. 89. "And the deadlines came and went, and the file is now peppered with partial responses which don't address the problem." *Id.* I told Plaintiff that I did not want to hear any more about this discovery, that I wanted it done. *Id.* I explained that I had tried to work with Plaintiff at the hearing "to get everything done so that you can have a chance to get to the next stage of the case." *Id.* I denied Defendants' motion for sanctions, hoping that these final discovery problems would be resolved. Doc. 197. I explained to Plaintiff that she had a duty of good faith to

look for documents that were sought by Defendants, but she did not have to produce a document which she did not have. Doc. 203, p. 91. I told Plaintiff: "You either comply to the best of your ability or I'll recommend that your case be dismissed." *Id.* I concluded:

> When I set a deadline, you must comply. It's got to be done when I say it's done or I'm going to go swiftly to a recommendation that the case be dismissed.
>
> So what you're going to do is you're going to complete this discovery by providing these documents. . . .

*Id.*, p. 101.

I followed the hearing with an order which provided:

> 1. Defendants' motion for sanctions, doc. 167, was granted and denied as explained at the hearing. Sanctions are not appropriate at this time, and Plaintiff has been afforded a **final** opportunity to provide discovery. In particular:
>
>> A. On Monday, July 12, 2010, Plaintiff shall produce for inspection and copying all of the documents that I listed at the hearing. The documents shall be produced by Plaintiff at a commercial copying business as selected by Defendants. Defendants shall pay for the copies.
>>
>> B. By Friday, July 16, 2010, Plaintiff shall produce for copying the documents related to her attendance at Santa Fe Community College, her application for a student loan, and her application for food stamps. These documents shall be produced at a commercial copying business as selected by Defendants. Defendants shall pay for the copies.

Doc. 197. While there is evidence of mail return for some prior orders, see, e.g., doc, 182, there is no evidence that Plaintiff did not receive a copy of my July 8, 2010, order.

The expected July 12th production of documents did not go well. On July 14, 2010, Defendants filed another motion for sanctions seeking dismissal pursuant to FED.

R. CIV. P. 41(b) for failure to obey my orders at the hearing. Doc. 200. I again stayed discovery until that motion could be adjudicated and set a time for a response from Plaintiff. Doc. 201. Plaintiff filed a response and then filed a motion to amend the response. Docs. 202 and 204. The motion to amend the response is granted by separate order, and the amended response, doc. 204, will be the only response considered.[2]

At the July 8th hearing, I ordered Plaintiff to produce for inspection and copying the following documents: (1) her passport and driver's learner's permit;[3] (2) records of attendance at Santa Fe Community College;[4] (3) her bank statements from Compass Bank;[5] (4) all papers from litigation in which she has been involved, including the current eviction suit;[6] (5) all papers from application for worker's compensation;[7] (6) all papers from application for unemployment compensation, including documents showing efforts to find employment;[8] (7) a copy of the motor vehicle titles of vehicles owned by Plaintiff's

---

[2] Plaintiff has filed numerous incomplete documents in this file, and the piecemeal filings have greatly hampered the progress of the case. I ordered that Plaintiff was limited to one response. Doc. 201, p. 2.

[3] Doc. 203, p. 61.

[4] Doc. 203, p. 63.

[5] Doc. 203, pp. 65-66.

[6] Doc. 203, pp. 74-75.

[7] Doc. 203, pp. 75-76.

[8] Doc. 203, pp. 76-77, 79.

husband and daughter;[9] (8) applications for food stamps and for a student loan;[10] and (9) any document in existence which Plaintiff intends to use as evidence at trial.[11] It was thought that Plaintiff should have some of these documents in her records, but that many of these documents were available online and Plaintiff has a computer with internet access. Further, the offices where these documents should be located are in Gainesville, Florida. Given the lengthy attempts made by Defendants to obtain discovery, it was my decision that Plaintiff had the obligation to try, in good faith, to acquire copies of documents which might be easily obtained on the internet or at local offices. All of these documents were to be produced on Monday, July 12, 2010, except that the Santa Fe Community College documents, food stamp application, and student loan application were to be produced "promptly" after July 12, 2010, and in no event later than Friday, July 16, 2010. Doc. 203, pp. 64, 88. Plaintiff and her husband were to sign consents so that Defendants could obtain copies of their federal income tax returns from 2005 to 2009. Doc. 203, pp. 66-67. Plaintiff was to meet immediately with Defendants' counsel and agree upon a commercial copying business and a time on Monday, July 12th, for the meeting for production of these documents to allow Defendants to make copies. Doc. 203, pp. 62.

Defendants assert in their motion to dismiss that Plaintiff met with counsel for Defendants immediately after the July 8th hearing concluded, but Plaintiff told counsel that she had to look at her calender to determine the time for meeting at a copy shop

---

[9] Doc. 203, pp. 79-81.

[10] Doc. 203, pp. 83-84.

[11] Doc. 203, pp. 85-86.

and said she would email counsel later that afternoon about the time for the Monday meeting. Doc. 200, p. 4.

Defendants further assert that at 4:00 p.m. on July 8th, Defendants emailed Plaintiff and, as item #3, suggested a meeting for production of documents at 5:00 p.m. on July 12, 2010, at a particular Gainesville Kinkos copy shop. *Id.*, pp. 4-5 and Ex. A. Counsel declined to give Plaintiff a copy of her notes as to what was to be produced and suggested that she obtain a copy of the transcript or contact my office. *Id.*, Ex. A. At 11:04 p.m. on July 8th, Plaintiff responded to this email. *Id.*, Ex. B. Plaintiff failed to mention or discuss the time and place for the meeting on July 12th. *Id.*

The next day, Friday, July 9, 2010, at 8:55 a.m., Defendants sent another email to Plaintiff asking Plaintiff to respond to item #3 of the prior email, to confirm the meeting time and place for July 12th. *Id.*, Ex. C. At 12:23 p.m. on July 9th, Defendants sent the same email again to Plaintiff. *Id.*, Ex. D. Plaintiff did not respond to either email. *Id.*, p. 5. On July 11, 2010, at 2:50 a.m. (early Sunday morning), Plaintiff sent an email to Defendants. *Id.*, Ex. E. The email fails to confirm the time and place for the document production meeting to be held on Monday, July 12th. *Id.* At 4:41 a.m. that same morning, Plaintiff sent an email to Defendants trying to arrange depositions of Defendants. *Id.*, Ex. F. Plaintiff again failed to mention the document production meeting for Monday. *Id.*

On Monday, July 12, 2010, at 10:39 a.m., in reply to Plaintiff's email, Defendants emailed an "urgent" message to Plaintiff. *Id.*, Ex. F. Defendants said that Defendants had not heard from Plaintiff about the meeting to copy documents, and thus would meet her that day at 5:00 p.m. at the copy shop previously named. *Id.* At 1:21 p.m. that day,

Defendants' counsel emailed Plaintiff. *Id.*, Ex. I. Counsel had just realized that she had a conflict at 5:00 p.m. that day, and suggested meeting at any time before 4:30 p.m. or after 7.30 p.m. *Id.* At 1:54 p.m., Plaintiff finally responded and stated that the suggested times would not work out. *Id.* She suggested that she "just scan everything and send you instead." *Id.* Counsel for Defendants responded at 2:02 p.m. reminding Plaintiff that they were, by court order, to meet that day. *Id.*, Ex. J. Defendants' attorney sent someone to the copy shop for the 5:00 p.m. meeting, but Plaintiff did not show up. Doc. 200, p. 7.

At 6:16 p.m., on July 12, 2010, Plaintiff sent an email to Defendants with three attachments and no message. *Id.*, Ex. K. The three attachments actually only provide a two page copy of Plaintiff's 2009 federal income tax return. *Id.* Two first pages are provided, one with the name and social security number of one dependent redacted and the other with the name not redacted. *Id.* It is not a joint return with her husband. It is Plaintiff's tax return for 2009.

At 7:47 p.m., on July 12, 2010, Plaintiff sent another email to Defendants, again with three attachments. *Id.*, Ex. L. The attachments include an illegible page of bank records, an illegible page pertaining to food stamps, and the last page of the 2009 federal income tax return with an e-File signature. *Id.*

Plaintiff asserts in her amended response that at 3:00 p.m. on July 12, 2010, Defendants' attorney "suddenly changed her plan to meet." *Id.*, p. 5. She asserts that the new time was not feasible for her because she had a doctor's appointment and she travels by bicycle. *Id.*

Plaintiff also asserts that she obtained a copy of the transcript of her school work at Santa Fe Community College, and a copy is attached as Exs. 1 and 2. Doc. 204, p. 3. Plaintiff also asserts that she gave Defendants her "ID," immigration papers, a tax return, a bank statement, food stamp information, and information from Santa Fe Community College. *Id.*, pp. 4, 5. Plaintiff asserts that she was unable to take notes during the hearing, could not afford to obtain a copy of the transcript of the hearing, and thus sent documents to Defendants "to my best knowledge." *Id.*, pp. 1, 4.

The last assertion will be addressed first. Plaintiff understood everything that I said during the hearing. When she did not understand, she asked reasonable questions. Plaintiff had a number of papers at the hearing neatly organized at the table. She brought her immigration papers and some other documents, and copies for Defendants were made before she left the courthouse. Plaintiff had paper and a writing instrument and took notes as I made my rulings. At no time did Plaintiff ask me to slow up and repeat what I had just ordered. Plaintiff can write legible and intelligent emails. Plaintiff has had the interrogatories and requests for production since the fall of 2009. Plaintiff also has had in her possession several motions to compel, describing what she had failed to produce. She has had the benefit of several orders of this court, ordering her to comply with these discovery requests. Plaintiff has had enough time to know exactly what Defendants have sought. Plaintiff's assertion that she could not understand what she was to produce on July 12, 2010, and on July 16, 2010, is not credible.

These documents could readily be obtained by Plaintiff, even if, as she claims, she has lost papers in the course of moves of her residence. Plaintiff was able to obtain

her transcript from Santa Fe Community College. She found an illegible page of a bank statement and knows where Compass Bank is to obtain more complete records. She found a relatively meaningless document pertaining to her application for food stamps, but she knows where she submitted her application. She is a party in an eviction suit. Plaintiff could have gone to the state courthouse and obtained copies of that file. She should have her own papers related to that suit, as well, because she has papers related to the case at bar. The titles to the motor vehicles should be in her residence. Plaintiff could have done much more in the time allotted. She has not shown good cause why she could not have also obtained a copy of and produced as ordered her (1) passport and driver's learner's permit; (2) legible bank statements from Compass Bank; (3) all papers from litigation in which she has been involved, including the current eviction suit; (4) all papers from her application for worker's compensation; (6) all papers from application for unemployment compensation, including documents showing efforts to find employment; (7) a copy of the motor vehicle titles of vehicles owned by Plaintiff's husband and daughter; (8) Plaintiff's application for food stamps and for a student loan. Plaintiff did not show good cause why the time allowed was insufficient to gather these papers, and I gave Plaintiff sufficient time. Even if Monday, July 12, 2010, was too soon, Plaintiff had until Friday, July 16th for some of the documents. It was implicit in my order that Plaintiff could seek more time to comply if the gathering of documents took more time. Plaintiff still failed to produce the documents as ordered.

  Further, I tried to make it as clear as possible that I expected Plaintiff to meet Defendants at a copy shop on July 12, 2010, for document production. I ordered Plaintiff to agree with Defendants for a suitable time. Plaintiff promised Defendants right

after the hearing that she would contact them about the time and place for the meeting. Defendants tried repeatedly to confirm a time and place for the Monday meeting, and Plaintiff responded to the emails but failed to respond to this critical item. If Plaintiff had an appointment that conflicted with the 5:00 p.m. suggested time, Plaintiff should have informed Defendants on July 8th or July 9th, in response to their entreaties to set up this meeting.

Rule 41(b) provides in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

> A district court has inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed.R.Civ.P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Equity Lifestyle Properties, Inc. v. Florida Mowing And Landscape Service, Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).

The sanction of dismissal of the action with prejudice is a "sanction of last resort, applicable only in extreme circumstances." Zocaras v. Castro, 465 F.3d 479, 490 (11th Cir. 2006), *cert. denied*, 549 U.S. 1228 (2007) (citations omitted). Dismissal is generally reserved for willful disobedience to court orders. *Id.* Dismissal of an action for violation of court orders should not be ordered except where lesser sanctions have been considered and found to be inappropriate. Wouters v. Martin County, Fla., 9 F.3d 924, 933-934 (11th Cir. 1993), *cert. denied*, 513 U.S. 812 (1994). The decision to dismiss a

claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.' *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir.1986)." United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997). "A district court need not tolerate defiance of reasonable orders." Equity Lifestyle Properties, Inc., 556 F.3d at 1241. Dismissal of a suit is appropriate where a plaintiff has engaged in behavior "throughout the course of the litigation . . . which interfered with the process of discovery." Gratton v. Great American Communications, 178 F.3d 1373, 1375 (11th Cir. 1999).

In summary, Plaintiff understands what she must do to comply with Defendants' discovery requests. Despite Plaintiff's difficulties with the English language, she copes quite well with written and spoken English. She refused to answer the interrogatories despite two court orders to do so, and I had to hold a hearing to interrogate Plaintiff myself to obtain the answers. Plaintiff understood my questions. She repeatedly evaded the questions, interposing privacy and relevance objections that had been overruled by Judge Kornblum and again by my order. Plaintiff had multiple excuses for not producing the documents, but those excuses were again[12] found to be unreasonable at the hearing, and I ordered her to produce them on Monday, July 12, 2010. Instead, Plaintiff failed to even schedule the meeting with Defendants, and still has not produced documents which she could easily obtain. I regret that I cannot any longer think that Plaintiff's *pro se* status and language difficulties are the cause of the her failure to

---

[12] I had overruled those objections to production of documents in my own order granting the renewed motion to compel.

Case No. 1:07cv249-MMP/WCS

participate in legitimate discovery. Plaintiff's obstruction of discovery must now be found to have been willful and in bad faith.

These leaves the problem of the appropriate sanction. The documents sought by Defendants are not likely to contain evidence supportive of Plaintiff's claims. Thus, the sanction of exclusion of Plaintiff's evidence as might be contained in these documents would serve no useful purpose. Plaintiff has caused Defendants to incur needless expense in this litigation, but Plaintiff herself does not have sufficient funds to reimburse Defendants for their expenses. That is shown by her 2009 federal income tax return. Monetary sanctions are inadequate. An order that Plaintiff be precluded from presentation of certain other evidence is not suitable here. The court has no information as to what evidence Plaintiff might have to support her claims. An order that Plaintiff follow certain procedures in the future so as to focus her efforts in this case has been tried for months and has failed. That remedy is inappropriate.

Defendants, on the other hand, should not be required to endure this disorganized and expensive litigation any longer. They have patiently endured it long enough. Dismissal of the complaint is the only suitable sanction.

Accordingly, it is **RECOMMENDED** that Defendants' motion for Rule 41(b) sanctions, doc. 200, be **GRANTED** and Plaintiff's complaint be **DISMISSED with prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on August 3, 2010.

> s/ William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

Case No. 1:07cv249-MMP/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**