IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONG RAN,

    Plaintiff,

v.                                                                         CASE NO. 1:07-cv-00249-MP-WCS

DARIN COOK, DENNIS FRISCO, INFINITE ENERGY INC, MARTIN MERTZ, BILL ROSS,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 206, Report and Recommendation regarding the Defendants' Motion to Dismiss Pursuant to Rule 41(b), Doc. 200. After review, the Magistrate Judge recommended the Motion for Rule 41(b) sanctions, Doc. 200, be granted, and that the Plaintiff's Complaint be dismissed with prejudice. Plaintiff objected to this recommendation, Doc. 207, and this Court now reviews the objected-to material *de novo*.

The Magistrate Judge recommends Plaintiff be sanctioned for failure to comply with several court orders. Specifically, Plaintiff has failed to perform as ordered in response to motions to compel discovery. The Magistrate Judge ordered a live hearing, at which he placed Plaintiff under oath to receive answers to several interrogatories. The Magistrate Judge then ordered Plaintiff to produce the documents that were the subject of the outstanding discovery orders. The Magistrate Judge made it very clear to Plaintiff that further delays would not be tolerated. Doc. 203, pp. 88-101.

After this live hearing and very specific instructions, Plaintiff still failed to produce the outstanding documents. Defendants filed the instant motion for sanctions for failure to obey the

Magistrate's orders given at the hearing. Plaintiff responded, and the Magistrate Judge incorporated that response into his analysis for the Report and Recommendation, Doc. 206.

In objection to the Report and Recommendation, Plaintiff takes issue with some of the facts found by the Magistrate Judge. Plaintiff objects to the characterization that she disrupted or changed the scheduling for the court-ordered meeting with Defendants to produce and photocopy the documents in question. The objection continues the personal attacks against defense counsel that have so unfortunately marked this litigation so far.

After review of the Report and Recommendation and the Objections thereto, this Court finds that the Magistrate Judge's analysis is accurate. The sanction of dismissal of the action with prejudice is a "sanction of last resort, applicable only in extreme circumstances." Zocaras v. Castro, 465 F.3d 479, 490 (11th Cir. 2006), cert. denied, 549 U.S. 1228 (2007) (citations omitted). Dismissal is generally reserved for willful disobedience to court orders. Id. Dismissal of an action for violation of court orders should not be ordered except where lesser sanctions have been considered and found to be inappropriate. Wouters v. Martin County, Fla., 9 F.3d 924, 933-934 (11th Cir. 1993), *cert. denied*, 513 U.S. 812 (1994). The decision to dismiss a claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.' Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir.1986)." United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997). "A district court need not tolerate defiance of reasonable orders." Equity Lifestyle Properties, Inc. v. Florida Mowing And Landscape Service, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009). Dismissal of a suit is appropriate where a plaintiff has engaged in behavior "throughout the course of the litigation . . . which interfered with the process of discovery." Gratton v. Great American Communications, 178 F.3d

1373, 1375 (11th Cir. 1999).

Plaintiff failed to respond to two court orders to answer interrogatories, such that the Magistrate Judge had to held a hearing to obtain the relevant information. Despite Plainitff's difficulties with the English language, she copes quite well with written and spoken English, and understood the Magistrate Judge's instructions. Plaintiff repeatedly evaded the Magistrate Judge's questions, provided unreasonable excuses for failing to produce documents, failed to schedule the court-ordered meeting with Defendants, and still has not produced documents which she could easily obtain. This Court agrees with the finding of the Magistrate Judge that it is not Plaintiff's *pro se* status and language difficulties that are the cause of her failures to comply with court orders, but rather her willful bad faith. Plaintiff's misconduct is extensive.

Sanctions other than dismissal cannot remedy the extensive bad conduct Plaintiff has displayed so far in this case. Plaintiff has caused Defendants needless expense, but does not have the funds to reimburse them, as shown by her income tax return. This Court has no information as to what evidence Plaintiff might have to support her claims, so excluding that evidence would serve no useful purpose. Successive and increasingly-specific court orders mandating Plaintiff's conduct in discovery have been tried for months and have failed to produce appropriate behavior, so this Court has no reason to believe that future orders would change Plaintiff's vexatious and evasive conduct. Defendants, on the other hand, have exhibited patience and restraint, and deserve to have this expensive and disorganized litigation ended.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.  The Report and Recommendation of the Magistrate Judge, Doc. 206, is ADOPTED and incorporated herein.

2. Defendants' Motion for Rule 41(b) sanctions, Doc. 200, is GRANTED.

3. This case is DISMISSED WITH PREJUDICE.

4. The Clerk is directed to close the file.

**DONE AND ORDERED** this   *30th* day of August, 2010

                *s/Maurice M. Paul*
             Maurice M. Paul, Senior District Judge